FILED
 2012 Jul-27 PM 02:40
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRENDA K. BLEVINS,** | ) |
| | ) |
|     **Claimant,** | ) |
| | ) |
| vs. | )     **Case No. 5:11-CV-3916-CLS** |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Brenda Blevins commenced this action on November 15, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

The ALJ found that claimant had the severe impairments of status post puncture wound of the right hand, status post excision of right palmar fascia mass, right hand neuropathy, gastroesophageal reflux disease, and pain disorder.[1] Despite those impairments, the ALJ found she had the residual functional capacity to

> sustain an 8 hour workday lifting and carrying 10 pounds frequently and 20 pounds occasionally, primarily with the left hand, using the right hand to guide and assist. Handling and fingering actions with the right hand can be performed only occasionally. The claimant has a mild functional limitation in her ability to understand, remember and carry out instructions and her ability to respond appropriately to supervision, co-workers and work pressures in a work setting is moderately impaired.[2]

A vocational expert testified that, even though claimant could not return to her past relevant work as a hairdresser, there were other jobs existing in significant numbers in the national economy that claimant could perform.[3] Accordingly, the ALJ found claimant to be not disabled.[4]

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered her subjective complaints of

---

[1] Tr. 16-17.
[2] Tr. 18.
[3] *See* Tr. 20-21, 47-48.
[4] Tr. 22.

pain, that the case should be remanded for consideration of new evidence submitted for the first time to the Appeals Council, that the ALJ improperly considered the opinions of her treating physicians, and that the ALJ placed undue emphasis on her limited daily activities. Upon consideration, the court concludes those that the claimant's arguments are without merit, and the decision of the Commissioner is due to be affirmed.

Claimant first asserts that the ALJ improperly considered her subjective complaints of pain. To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). Furthermore, once an ALJ determines whether the pain standard has been met, he can move forward to consider whether claimant's complaints are credible in light of the substantial evidence of record. *See Marbury*

*v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

Here, the ALJ found that claimant had medically determinable impairments that could reasonably be expected to produce her alleged symptoms, but that claimant's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the residual functional capacity stated above.[5]  The court finds that the ALJ adequately articulated his reasons for not fully crediting claimant's subjective complaints, and that his conclusions were supported by substantial evidence.  Dr. V. Snehaprabha Reddy, the consultative examiner, stated that while claimant could not spontaneously extend her third and fourth fingers, she could passively do so.  Despite claimant's right hand injury, her grip strength in that hand was 4/5, and her finger dexterity and range of motion were within normal limits.[6]  Claimant's other medical records reveal that she experiences some limitation of motion and flexibility in her right hand, but there is no indication of symptoms that are inconsistent with the ALJ's residual functional

---

[5] Tr. 19.
[6] Tr. 262-65.

capacity finding.[7]

In making his decision to not fully credit claimant's subjective complaints of pain, the ALJ properly considered claimant's reported daily activities. Claimant reported to her medical providers that her daily activities included personal hygiene, housecleaning, cooking, and talking on the phone, and her hobbies included fishing, gardening, and hiking. The ALJ acknowledged that claimant was not able to do these activities as much or as well as she used to, but "her ability to perform these activities at all demonstrates her hand impairment is not disabling," because some of the activities "require prolonged hand dexterity and show she has some use of her hand."[8] Claimant asserts that the ALJ gave too much weight to her ability to perform these daily activities. It cannot be ignored that the Eleventh Circuit has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis v. Callahan,* 125 F. 3d 1436, 1441 (11th Cir. 1997). That does not mean, however, that a claimant's ability to carry out daily activities should not be considered at all in the disability determination process. To the contrary, Social Security regulations expressly provide that such activities *should* be considered. *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing

---

[7] Claimant also alleged disability based upon depression and anxiety, but she does not challenge in her brief any of the ALJ's findings regarding her subjective complaints of mental limitations.

[8] Tr. 19.

"daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's pain). Here, claimant's daily activities and hobbies were not the only factors the ALJ considered in evaluating the credibility of claimant's pain allegations. The ALJ also considered the consistency of claimant's allegations with the medical evidence of record, including reports from both treating and consultative sources.

The ALJ also properly considered the opinions of claimant's treating physicians. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e). Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the

Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Here, claimant asserts that the ALJ should have adopted her treating physician's opinion that she experienced disabling pain. Specifically, in office notes dated June 25, 2009, Dr. Angela Young, claimant's treating neurologist at the Kirklin Clinic stated, "The patient used to work, I believe as a hairdresser. She is not able to do her own hair and she is not able to work in her occupation any longer due to her hand incapacity."[9] It is unclear whether that statement represents Dr. Young's medical conclusion or simply Dr. Young's recitation of claimant's own complaints about her limitations. Regardless, the court finds that the ALJ did not err in considering Dr. Young's statements. Quite to the contrary, the ALJ *agreed* with Dr. Young that claimant could not return to her prior work as a hairdresser, but noted that

---

[9] Tr. 317.

Dr. Young had never opined that claimant could not perform *any* work.[10]  The salient question in a Social Security disability case is not whether the claimant can return to her past work, but whether there is *any* work existing in significant numbers in the national economy that claimant can perform.  *See* 42 U.S.C. § 423(d)(2)(A) ("An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .").

Finally, claimant argues that the Appeals Council did not properly consider evidence that was presented to it after the ALJ's administrative decision.

> When a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262.  Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67.  The new evidence must relate back to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008).  The new evidence

---

[10] Tr. 19 ("The undersigned notes Dr. Young determined the claimant could not return to her past relevant work as a cosmetologist.  *The undersigned does not disagree with this finding*.  However, Dr. Young did not suggest the claimant should be precluded from *all* work activity due to her condition.") (emphasis supplied).

submitted for the first time to the Appeals Council in this case included two statements about claimant's ability to work from treating physicians. First, Dr. Madadi Reddy — a different "Dr. Reddy" than the one who performed claimant's consultative examination — stated in treatment notes on March 4, 2011 that claimant "can't work indefinitely in her occupation as a hair dresser."[11] Additionally, Dr. Susan Gibson, claimant's primary care provider at Scottsboro Primary Health, completed a "Request for Medical Information Work Requirements" form for the State of Alabama Department of Human Resources Food Stamp Program on February 8, 2008. Dr. Gibson checked a box indicating a "no" response to the following question: "Based on this individual's current medical condition, do you believe s/he is mentally and physically able to work?" Dr. Gibson stated that claimant's limitations were due to decreased circulation and neuropathy in her right hand. Dr. Gibson did not provide the date of onset for claimant's condition, but she did indicate that she believed the condition was permanent.[12]

Claimant asserts that the Appeals Council "failed to review this pertinent medical evidence."[13] The record simply does not support that assertion. To the contrary, the Appeals Council expressly stated that it had considered the additional

---

[11] Tr. 341.

[12] Tr. 345.

[13] Doc. no. 8 (claimant's brief), at 8.

information submitted by claimant's attorney, but had "found no reason under our rules to review the Administrative Law Judge's decision," and therefore denied claimant's request for review.[14] Even more importantly, consideration of the new evidence submitted for the first time to the Appeals Council does not warrant remand. Dr. Reddy's statement that claimant can no longer work as a hairdresser has the same effect as Dr. Young's similar statement — *i.e.,* none. Dr. Gibson's indication on a food stamp form that claimant is unable to work also does not change the result in this case. First, conclusory statements from medical sources (even treating sources) are entitled to little weight. Second, the standard for awarding food stamps is not the same as the standard for awarding disability benefits under the Social Security Act. Finally, even if the two standards were the same, Dr. Gibson's summary statement could legitimately be discredited as inconsistent with the weight of the medical evidence as a whole.

In summary, the court finds that the decision of the Commissioner was in accordance with applicable law and supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[14] Tr. 1.

DONE this 27th day of July, 2012.

_____
United States District Judge